UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LORI ROBINSON,

 Plaintiff,

 v.

ERGO SOLUTIONS, LLC,

 Defendant.

Civil Action No. 12-147 (JDB)

## MEMORANDUM OPINION

Plaintiff Lori Robinson ("Robinson") brings this action against her employer, Ergo Solutions, LLC ("Ergo"), alleging violations of Title VII of the Civil Rights Act of 1964. Specifically, she alleges that she was sexually harassed and subjected to a hostile work environment because of her gender. Ergo has filed a motion to dismiss for insufficient service of process. For the reasons explained below, the Court will deny Ergo's motion to dismiss.

## BACKGROUND

Robinson filed this action on January 26, 2012, naming Ergo as the only defendant. Her complaint details a pattern of pervasive sexual harassment by Jason Henderson, Ergo's Chief Information Officer and partial owner. Compl. ¶ 7. Henderson also happens to be Ergo's registered agent for service of process. July 23, 2012 Statement of Process Server Mark Hagood ("Hagood Stmt.") [ECF No. 4].

Just days before Rule 4(m)'s 120-day deadline for service of process, Robinson filed a motion for an extension of time to serve the defendant. Pl.'s First Mot. for Extension [ECF No. 2]. In support of that motion, Robinson included a "report" from the process server whom she

had hired, Mark Hagood of J.M. & Associates. Hagood reported multiple attempts to serve Henderson at his listed address, including one in which he saw people inside Henderson's home who refused to answer the door. Pl.'s First Mot. for Extension ¶ 5. Robinson argued that the requested extension was justified because of "avoidance of service by the designated Registered Agent" of Ergo. The Court granted a 60-day extension. See May 24, 2012 Minute Order.

The day before Robinson's new deadline, she filed a motion seeking a second 60-day extension. Pl.'s Second Mot. for Extension [ECF No. 2]. That motion included a letter and a signed affidavit from Hagood, describing five additional attempts to serve process on Henderson, all of which were unsuccessful. Hagood Stmt. Hagood explained that the occupants of the home "would not open the door," or would "run inside of the residence" when he or his colleagues arrived. Id. The Court granted a second 60-day extension, but cautioned Robison that "[n]o further extensions [would] be granted absent extraordinary circumstances." July 27, 2012 Minute Order.

On the day of Robinson's final deadline, September 24, 2012, she successfully served a copy of the summons and complaint—but not on Henderson. See Proof of Service [ECF No. 4]. Instead, she served the Corporations Division of the District of Columbia Department of Consumer and Regulatory Affairs (the "DCRA Corporations Division"). Id. The Proof of Service included a signed affidavit from the process server, a date-stamped copy of the summons showing receipt by the DCRA Corporations Division, copies of the prior affidavits demonstrating Henderson's purported avoidance of service, and copies of certified mail receipts demonstrating her attempt to mail a copy of the summons and complaint to Henderson. See id. The certified mail confirmation suggested that Henderson had not actually signed for the documents. See id.

Over six months passed with nary a word from the parties—no answer, no Rule 12 motion, no motion for default. On April 2, 2013 the Court issued an order calling for a status report. Apr. 2, 2013 Minute Order. Robinson filed her status report simultaneously with an affidavit for default. Pl.'s Aff. for Default [ECF No. 5]; Pl.'s Apr. 11, 2013 Status Report [ECF No. 6]. Robinson's affidavit in support of default stated that "ERGO Solutions, LLC" was "personally served with process on September 24, 2012." Pl.'s Aff. for Default. The affidavit requested that the Clerk of the Court enter a default against Ergo, a request that the Clerk granted the next day. Clerk's Entry of Default [ECF No. 7].

Just over a month later, Robinson filed a motion for default judgment. Pl.'s Mot. for Default J. [ECF No. 8]. Despite the Court's order requiring any such motion to "includ[e] a specification of the damages sought," May 7, 2013 Minute Order, Robinson asked for $200,000 in compensatory damages and $200,000 in punitive damages without providing any detail or evidentiary support for those requests. As a result, the Court scheduled a hearing on the issue of damages. See Nov. 25, 2013 Minute Order (citing United States v. Bentley, 756 F. Supp. 2d 1, 3 (D.D.C. 2010) ("Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain.")). In the same order, the Court also instructed Ergo to file a witness list if it wished to participate in the damages hearing, and instructed the Clerk of the Court to mail a copy of the Order to the Ergo. Id.

Two weeks after the deadline to file a witness list came and went, and just three days before the damages hearing, Ergo's counsel made an appearance in the case for the first time. Ergo filed a motion to dismiss for insufficient service of process, and accused the "affiant filing the affidavit of service" of "commit[ing] fraud upon the Court." Def.'s Mot. to Dismiss ("MTD")

[ECF No. 15] at 1; see also Ex. A to MTD, Affidavit of Jason Scott Henderson ("Henderson Aff.") ¶ 12 ("I have not been served a summons and complaint as the process server acknowledges in the affidavit filed with this Court."). Robinson responded that service of process was perfected upon serving the DCRA Corporations Division, and characterized Ergo's motion as frivolous and sanctionable. Pl.'s Opp'n [ECF No. 16] at 1. In its reply, Ergo argued that service was improper due to a typographical error in the address listed on the summons. Compare Proof of Service ("22707 Franklin Street"), with Hagood Stmt. ("2207 Franklin Street"). Robinson filed a sur-reply (without seeking leave from the Court), in which she argued that this typo was irrelevant. Pl.'s Sur-Reply [ECF No. 19]. The Court postponed the damages hearing indefinitely, pending the resolution of this motion. See Jan. 9, 2014 Minute Order.

## **LEGAL STANDARD**

"[F]ederal courts lack the power to assert personal jurisdiction over a defendant unless the procedural requirements of effective service of process are satisfied." Mann v. Castiel, 681 F.3d 368, 372 (D.C. Cir. 2012). Federal Civil Rule 4(c) gives the plaintiff the responsibility of "having the summons and complaint served" on the defendant "within the time allowed by Rule 4(m). Rule 12(b)(5), in turn, allows a party to move to dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff has the burden of establishing the validity of service of process." Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries, 288 F.R.D. 230, 231 (D.D.C. 2013). To carry this burden, the plaintiff "must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987). "Proper service of process 'is not some mindless technicality.'" Williams v. GEICO Corp., 792 F. Supp. 2d 58, 65 (D.D.C. 2011) (quoting

4

Friedman v. Estate of Presser, 929 F.3d 1151, 1156 (6th Cir. 1991). Instead, the requirement of proper service "stems from the Due Process Clause of the Fifth Amendment, which requires that defendants receive adequate notice of proceedings against them." Id.

## DISCUSSION

Ergo makes two arguments in support of its motion. In its initial motion to dismiss, Ergo argued that because personal service was never made on its registered agent, Jason Henderson, service was improper and the complaint should be dismissed. After Robinson pointed out in her opposition brief that her process server had served the DCRA Corporations Division, Ergo turned its focus to a typo in the address listed on the summons, arguing that the typo made service insufficient. Neither argument is persuasive. Because Robinson properly served a copy of the summons and the complaint on the DCRA Corporations Division, the Court will deny Ergo's motion to dismiss.

### I. The DCRA Corporations Division may act as agent for service of process for a District of Columbia corporate entity.

Federal Civil Rule 4(h)(1) provides that a corporation may be served with process "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1). That Rule, in turn, directs the plaintiff to "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Turning then to the Rules of the District of Columbia Superior Court, service of process on a District of Columbia corporation is effected

> by delivering a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

D.C. Super. Ct. R. Civ. P. 4(h)(2). Hence, the Rules of the D.C. Superior Court look to some

other source of law to define the parameters of permissible service upon an "agent authorized . . . by law to receive service of process." Id.; accord Williams v. GEICO Corp., 792 F. Supp. 2d 58, 65 (D.D.C. 2011) ("Service on a corporation may be accomplished by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process.") (internal quotation marks omitted).

In this case, that source of law is the D.C. Code, which provides the following as one permissible method for service on a D.C. corporate entity:

> if a represented entity's registered agent in the District cannot with reasonable diligence be found, and if the person seeking service submits a declaration under penalty of making false statements showing that a registered agent for the represented entity cannot be found, the Mayor shall be an agent of the entity upon whom any process against the entity may be served and upon whom any notice or demand required or permitted by law to be served upon the entity may be served. Service on the Mayor of the process, notice, or demand shall be made by delivering or leaving with the Mayor, or his designee, duplicate copies of the process, notice, or demand. If any process, notice, or demand is so served, the Mayor shall immediately cause one of the copies to be forwarded by registered or certified mail to the entity at its principal office or at its last known address.

D.C. Code § 29-104.12(d). In 2009, the Mayor of the District of Columbia created such a "designee" to serve in his stead as a registered agent for service of process for D.C. corporations in circumstances such as this one: the DCRA Corporations Division. See Designation of Officers to Accept Service of Process on Behalf of the Mayor, 56 D.C. Reg. 34, 6804 (Aug. 21, 2009) ("[W]henever such registered agent cannot with reasonable diligence be found at the registered office, and the Mayor, therefore, has become an agent upon whom process may be served against the business entity, the [DCRA Corporations Division] is hereby designated to accept Service of Process on the Mayor's behalf.").

The bottom line: when a D.C. corporate entity's registered agent for service of process

"cannot with reasonable diligence be found," serving a copy of the summons and the complaint on the DCRA Corporations Division is a permissible alternative. At that point—although the plaintiff's work is done—"the Mayor shall immediately cause one of the copies to be forwarded by registered or certified mail to the entity at its principal office or at its last known address." D.C. Code § 29-104.12(d).

## II. Robinson properly served the DCRA Corporations Division.

Robinson argues that service was proper because (1) Ergo's "registered agent could not be found," Pl.'s Opp'n at 2, and (2) "a copy of the summons and complaint were served upon the [DCRA Corporations Division], a statutorily authorized agent, on September 24, 2012." Robinson is correct. On this record, she has carried her "burden of establishing the validity of service of process." Freedom Watch, 288 F.R.D. at 231.

A plaintiff's right to serve the DCRA Corporations Division (rather than the corporation's registered agent for service of process) is triggered when the "entity's registered agent in the District cannot with reasonable diligence be found." D.C. Code § 29-104.12(d). Here, Robinson showed reasonable diligence in her repeated, but failed, attempts at serving process on Ergo's registered agent, Jason Henderson, at his listed address. She hired a process server who documented at least seven attempts to serve Henderson. See Pl.'s First Mot. for Extension ¶ 5; Pl.'s Second Mot. for Extension ¶¶ 5-6; Hagood Stmt. Most of those attempts included evidence suggesting that Henderson (or others living at his residence) were actively dodging the process server. See, e.g., Pl.'s First Mot. for Extension ¶ 5 ("People in house, knocked several times they would not answer the door."); Hagood Stmt. ("Occupants would not open the door and/or run inside of the residence."). These submissions provide strong factual support for Robinson's representation that "reasonable efforts and diligence was made to serve ERGO." Pl.'s Sur-Reply

7

at 1. Hence, the Court finds that Ergo's registered agent, Jason Henderson, could not "with reasonable diligence be found."

As a result of Henderson's avoidance of service, Robinson was entitled to serve the DCRA Corporations Division, which she did on September 24, 2012. See Proof of Service (bearing date stamp that reads "DCRA Corp. Div. / SEP 24 2012"); Am. Aff. in Supp. of Default J. [ECF No. 21]. Ergo ultimately concedes this point, acknowledging that "on September 24, 2012 Victoria B. Peters served the summons and complaint on the [DCRA Corporations Division]." Def.'s Reply at 3. At that moment, service was perfected under section 29-104.12(d) of the D.C. code.

### III. Robinson had no obligation to personally serve Henderson.

Ergo's first argument is that the complaint should be dismissed for insufficient service because Henderson was not personally served. See MTD at 1. In support of this contention, Ergo's motion includes an affidavit from Henderson himself, which not only denies receiving personal service, but also details the full events of his day on September 24, 2012. See, e.g., Henderson Aff. ¶ 4 ("[M]y daughter Chloe and I had a dental appointment at Rockville Dental, in Rockville, Maryland."); id. ¶ 8 ("I drove to an ATM in Bladensburg, Maryland and withdrew $100.00 and then drove to the KFC to purchase food for the family."); id. ¶ 9 ("I left the bar after midnight and drove to my home in Northeast Washington D.C."). Interesting, perhaps—but none of this bears any relevance to the legal question before the Court. The D.C. Code permits service on the DCRA Corporations Division in cases like this one, and that is the method of service Robinson used. Robinson had no additional obligation to serve Henderson personally— the purpose of allowing service on the DCRA Corporations Division (when a corporation's registered agent cannot be found) is to discharge that obligation. Henderson's affidavit confirms

that Robinson did not personally serve him on September 24, 2012. But she did not have to.

### IV. The typo in the address on the summons is irrelevant.

Ergo's final argument is that because the copy of the summons served on the DCRA Corporations Division listed Henderson's address incorrectly ("22707" rather than "2207"), service was improper and the complaint must be dismissed. This argument fails for several reasons.

At the outset, this argument was raised for the first time in Ergo's reply brief. It appears nowhere in the initial motion to dismiss. For that reason alone, the Court would have been entitled to ignore it—"courts in our circuit will not consider arguments raised for the first time in a reply." Bancoult v. McNamara, 214 F.R.D. 5, 12 n.7 (D.D.C. 2003); accord United States v. Sum of $70,990,605, No. 12-1905 (RWR), 2013 WL 6157977, at *1 n.1 (D.D.C. Nov. 25, 2013) ("[T]his argument is first raised in the reply brief and accordingly will not be considered."); Uhar & Co., Inc. v. Jacob, 710 F. Supp. 2d 45, 48 n.3 (D.D.C. 2010) ("Because these arguments were raised for the first time in the defendant's reply brief, the court will not consider them in resolving this motion.").[1]

Even if the argument had been raised in a timely fashion, it is unavailing. The D.C. Code provides that, when a D.C. corporation's "registered agent in the District cannot with reasonable diligence be found, . . . the Mayor shall be an agent of the entity upon whom any process against the entity may be served." D.C. Code § 29-104.12(d). There is no dispute that Robinson served

---

[1] Without seeking leave of the Court, Robinson filed a sur-reply in order to respond to this new argument. The Court understands why Robinson wished to respond, but "it is standard practice for a party seeking to file a surreply to move the court for leave to file such a surreply." Groobert v. President & Dirs. of Georgetown Coll., 219 F. Supp. 2d 1, 13 n.2 (D.D.C. 2002). But because Robinson's sur-reply addressed only Ergo's new argument, the Court will excuse Robinson's failure to seek leave in advance of filing. See United States v. Baroid Corp., 346 F. Supp. 2d 138, 143 (D.D.C. 2004) (leave to file may be granted when a sur-reply is necessary "to address new matters raised in a reply, to which a party would otherwise be unable to respond").

9

the Mayor's designee, the DCRA Corporations Division, on September 24, 2012. Def.'s Reply at 3. At that point, service was complete. To be sure, the statute also provides that, <u>after</u> the Mayor (or his designee) is served, a copy will be mailed to the corporation. The statute reads: "If any process, notice, or demand is so served, <u>the Mayor</u> shall immediately cause one of the copies to be forwarded by registered or certified mail to the entity at its principal office or at its last known address." D.C. Code § 29-104.12(d) (emphasis added). But that is the Mayor's duty—the plaintiff's obligations are complete upon serving the Mayor's designee with a copy of the summons and complaint.

What is more, a careful reader will notice that the Mayor's responsibility is to "cause one of the copies to be forwarded by registered or certified mail to the <u>entity</u> at its principal office or at its last known address." <u>Id.</u> (emphasis added). That is, the Mayor is instructed to mail the serving documents to the <u>corporation</u> itself—not to its registered agent for service of process. That is a sensible statutory design, considering that this method of service is available only when the corporation's registered agent "cannot with reasonable diligence be found." <u>Id.</u> The only mistake on the summons was the typo in <u>Henderson's</u> address—Ergo's address was listed correctly. <u>See</u> Proof of Service. But because the Mayor was obligated to mail copies to <u>Ergo</u>, not to Henderson, a typo in Henderson's address is inconsequential.

Finally, even if the DCRA Corporations Division was obliged to forward the documents to the (missing) registered agent, the statute does not instruct the Mayor's designee to blindly forward any documents it receives to whatever address is printed on the summons. Instead, the DCRA Corporation's Division is instructed to send a copy to the corporation's "principal office" or "its last known address." D.C. Code § 29-104.12(d). Because all LLCs registered in D.C. must register with the DCRA Corporations Division, <u>see</u> D.C. Code § 47-2855.02, a mistaken

10

address on the summons is irrelevant—the DCRA Corporations Division has the independent ability to get mail to a D.C. corporation's legally registered address. In fact, according to a sworn affidavit from Patricia Grays, the D.C. Superintendent of Corporations, the DCRA Corporations Division did just that: "A copy of the Summons and Complaint was sent by certified mailed [sic] on October 11, 2012 to the known address for this corporation." Jan. 14, 2014 Affidavit of Patricia E. Grays, D.C. Superintendent of Corporations ("Grays Aff.") [ECF No. 19-1].[2] This too is a sensible practice; the Federal Rules only require the plaintiff's address to be included in a summons, and make no mention of either the defendant's or a registered agent's address. See Fed. R. Civ. P. 4(a)(1) (describing the requisite contents of a summons).

---

[2] Curiously, it seems that the DCRA Corporations Division may have forwarded a copy to Henderson himself, rather than Ergo, despite the clear statutory command to send the documents to "the entity," rather than its missing registered agent. See Grays Aff. (listing Henderson's (correct) address, rather than Ergo's address). The affidavit from the Superintendent of Corporations, however, is ambiguous on this point—it is possible that copies were mailed both to Henderson and to Ergo. See id. (showing that a copy was mailed to Henderson, but saying nothing about whether a copy was also mailed to Ergo). In any event, this is legally irrelevant, as service was complete when Robinson served the Mayor's designee. Also, because this affidavit disposes of Ergo's final argument—that the typo in Henderson's address on the summons led to insufficient service of process—any carelessness by the DCRA Corporations Division cannot save Ergo's motion.

Of course, a plaintiff is well-advised to take all reasonable steps to make it as easy as possible for the DCRA Corporations Division to complete their statutory obligations. In a more extreme case—for example, in which, through no fault of the defendant, the DCRA Corporations Division never mailed anything to either the corporation or its registered agent—a defendant might have a stronger position, despite the language of the D.C. Code. Cf. Jones v. Flowers, 547 U.S. 220, 239 (2006) (holding that, although actual notice is not a constitutional requirement, state official violated the Due Process Clause by failing to send follow-up notice once it received confirmation that the serving documents never reached the defendant). But the Court need not and does not decide such a case here. The DCRA Corporations Division mailed the serving documents to Henderson's correct address, and they were not returned as undelivered. See Grays Aff. And Ergo is at least partially responsible for its registered agent (and partial owner) actively dodging service.

## CONCLUSION

For the foregoing reasons, Ergo's motion to dismiss for insufficient service of process will be denied. A separate order accompanies this memorandum opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: January 24, 2014